UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M. CATHERINE HILTON | CIVIL ACTION |
| VERSUS | NO. 26-604 |
| RON AUSTIN LAW LLC | SECTION R (2) |

## ORDER AND REASONS

Before the Court is defendant Ron Austin Law LLC's (Austin Law) partial motion to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiff, M. Catherine Hilton, opposed this motion and requested leave to amend if the Court granted defendant's motion to dismiss.[2] For the following reasons, the Court grants defendant's motion in part and denies it in part.

## I.    BACKGROUND

Hilton's complaint alleges that in March 2015, she was hired as a senior litigation trial attorney at Austin Law.[3] When hired, Austin Law allegedly promised Hilton an $80,000 draw; a 20% fee split in cases she handled individually; a 40% fee split in cases she originated; and a paralegal/support

---

[1]      R. Doc. 7.
[2]      R. Doc. 11.
[3]      R. Doc. 4 at 2.

1

staff.[4]  Hilton alleges that she had fourteen years of experience working as a plaintiff's personal injury trial attorney when she began working for Austin Law.[5]  During onboarding, Hilton allegedly asked if she was receiving the same pay as Jeff Green, a male senior attorney who had worked as a defense attorney for at least a decade.  Ron Austin, the owner and manager of Austin Law, allegedly stated that Hilton was receiving the same pay as Green.[6]

Hilton alleges that she was not paid the same as Green.  Hilton alleges that Green received an $80,000 salary and a 30% fee split, while Hilton's $80,000 draw had to be repaid quarterly from her fee splits.[7]

In 2024, Austin Law hired Scott Huete, who allegedly was given a salary of $125,000 with a 10% fee split.[8]  Hilton alleges that Huete is a substantially younger, less experienced attorney.[9]  Hilton alleges that she confronted Austin after learning that Huete was paid more than she.[10]  After the alleged confrontation, Austin Law allegedly began withholding her earned fees, reducing her fee splits percentages, and excluding her from meetings with her clients.[11]

---

[4]    *Id.*
[5]    *Id.*
[6]    *Id.* at 3.
[7]    *Id.*
[8]    *Id.* at 5.
[9]    *Id.*
[10]   *Id.* at 6.
[11]   *Id.*

Hilton filed suit in this Court in March 2026.[12]  Hilton brought discrimination and retaliation claims under the Equal Pay Act (EPA), Title VII, the Age Discrimination in Employment Act (ADEA), and the Louisiana Employment Discrimination Law (LEDL), and claims for breach of contract and unjust enrichment.[13]  Austin Law now moves to dismiss Hilton's age discrimination claims under the ADEA and LEDL.[14]  Austin Law also moves to dismiss Hilton's retaliation claims under the ADEA, LEDL, Title VII, and the EPA.[15]

The Court considers the motion below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the

---

[12]    *Id.* at 1.
[13]    *Id.* at 7-12.
[14]    R. Doc. 7 at 1.
[15]    *Id.*

plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when

4

the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

## III.   DISCUSSION

### A.   Age Discrimination Claims

A prima facie claim for age discrimination requires a plaintiff to show that she (1) belongs to a protected class; (2) was qualified for the position; (3) experienced an adverse employment action; and (4) was similarly situated to other employees who were not members of her protected class and were treated more favorably. *West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (citing *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004)). While a plaintiff is not required to establish a prima facie case at the pleading stage, the elements inform the plausibility analysis. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510—11 (2002); *see also Flores v. Select Energy Services, L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) ("The district court correctly noted that [the plaintiff] does not have to plead a prima facie case to state a plausible claim of age or race discrimination."). In reviewing a motion to dismiss, district courts use the language of a prima facie case as a framing device to determine whether a plaintiff sufficiently alleged facts to support the ultimate elements of each claim. *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 881 (5th Cir. 2020).

Here, Hilton has plausibly pled facts to support the elements of a prima facie age-discrimination claim. First, she alleges that, as a person over 40 years of age, she is a member of a protected class. [16] Second, she alleges that she was qualified for the position, given her years of experience.[17] Third, she alleges that she experienced an adverse employment action, underpayment.[18]

Finally, she alleges that she was similarly situated to other employees who were not members of her protected class and were treated more favorably. *See West*, 960 F.3d at 740 (citing *Bryan*, 375 F.3d at 360). Hilton alleges that she was paid less than Huete, a similarly situated, substantially younger attorney performing similar work under similar conditions.[19] She alleges that Huete lacked her personal-injury experience, was paid substantially more, received escalating compensation, and had staffing support.[20] At the motion to dismiss stage, such allegations are sufficient. *See Cicalese v. University of Texas Medical Branch*, 924 F.3d 762, 768 (5th Cir. 2019) (reserving for the summary judgment stage analysis of whether coworkers are "really 'similarly situated.'"). In addition, Hilton alleges that she was replaced by Huete, a

---

[16]    R. Doc. 4 at 9.
[17]    *Id.* at 3, 10.
[18]    *Id.* at 6, 10.
[19]    *Id.* at 5.
[20]    *Id.*

substantially younger employee.[21]   An inference of discrimination can be drawn when an individual is replaced by someone "substantially younger." *Flanner v. Chase Inv. Services Corp.*, 600 F. App'x 914, 919—920 (5th Cir. 2015) (replacement by a substantially younger employee, without more, supports an inference of age discrimination).

Hilton has plausibly pled the four elements of a prima facie age discrimination in employment case, which is more than what is required at the pleadings stage. *See Cicalese*, 924 F.3d at 766.  Hilton need only plead sufficient facts to make her age discrimination claims plausible—she has met this requirement. *See Haskett v. T.S. Dudley Land Co.*, 648 F. App'x 492, 495—97 (5th Cir. 2016) (vacating the district court's dismissal of plaintiff's ADEA claims because the plaintiff stated a prima facie case for age discrimination against the defendant).

Defendant's argument to the contrary is without merit.  Defendant argues that because the ADEA's text does not authorize a "mixed-motives age discrimination claim," Hilton cannot plead age discrimination and gender discrimination at the pleadings stage.  This is incorrect.  Hilton can plead age discrimination and gender discrimination at the pleadings stage.  *Leal v. McHugh*, 731 F.3d 405, 414 (5th Cir. 2013) ("As to the multiple alleged bases

---

[21]      *Id.* at 10.

for the adverse employment actions here, this feature, too, is not fatal to the complaint at this stage of the case."). That Hilton's complaint alleges gender-based discrimination does not mean that age-based discrimination cannot be a but-for cause of her termination as "[o]ften, events have multiple but-for causes." *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020). Hilton has plausibly pled age discrimination. The Court denies Austin Law's motion to dismiss Hilton's age discrimination claims.

## B.    Retaliation Claims

Austin Law also seeks to dismiss Hilton's retaliation claims under Title VII, the EPA, the ADEA, and the LEDL. To plead retaliation under these statutes, a plaintiff must allege: (1) that she engaged in protected activity; (2) that she suffered a materially adverse action; and (3) that a causal connection exists between the protected activity and the adverse action. *See Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 469 (5th Cir. 2021); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). At issue here are the first and third elements: protected activity and a causal connection.

Protected activity is either opposing an employment practice made unlawful by the relevant act or making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing regarding unlawful employment practices. *E.E.O.C. v. Rite Way Service, Inc.*, 819 F.3d 235, 239

8

(5th Cir. 2016). The Fifth Circuit has noted that "not all abstract grumblings or vague expressions of discontent are actionable complaints." *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 626 (5th Cir. 2008) (cleaned up). For a complaint to constitute protected activity within the scope of the anti-retaliation provisions, it must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Here, Hilton has not plausibly pled that she engaged in protected activity. Hilton pled that she "brought her concerns to Defendant via Ron Austin on multiple occasions."[22] Hilton also pled that "she confronted Austin."[23] These allegations are insufficient to rise above "abstract grumblings or vague expressions of discontent." *Hagan*, 529 F.3d at 624 (cleaned up). Hilton does not allege that she complained of age discrimination, sex discrimination, or any other unlawful employment practice. As Hilton has failed to plausibly allege an essential element of her claim, the Court must dismiss her retaliation claims for failure to state a claim upon which relief can be granted.

In addition, Hilton does not plausibly allege the third element of a retaliation claim, "that a causal connection exists between the protected

---

[22]    R. Doc. 4 at 5.
[23]    *Id.* at 6.

9

activity and the adverse action." *Lindsley*, 984 F.3d at 469. Hilton offers no facts showing that her complaints were causally related to Austin Law withholding her fees and excluding her from client meetings. Hilton seemingly relies on a temporal relationship between the protected activity and adverse employment action. When establishing a causal connection through only temporal proximity, the timing between the protected activity and adverse employment action must be "very close." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Hilton does not provide dates for the challenged employment actions or for the occasions on which Hilton "brought her concerns" to Ron Austin.[24] Absent such facts, Hilton does not allege a plausible basis to find that the protected activity, had she pled one, and the adverse employment action were "very close" in time. Hilton fails to plausibly allege the causation element of her retaliation claim. The Court grants Austin Law's motion to dismiss Hilton's retaliation claims for failure to state a claim upon which relief can be granted.

## C.    Leave to Amend

Plaintiff seeks leave to amend the complaint on her age retaliation claims. The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "is by no means automatic." *Halbert*

---

[24]    R. Doc. 4 at 5.

*v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  The Court considers multiple factors, including "undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up).  Amendment is futile if, for instance, "it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Coll. Athl. Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Court finds that leave to amend plaintiff's retaliation claim is warranted.  The Court grants plaintiff leave to amend the complaint.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's age discrimination claim under the ADEA and LEDL.  The Court DISMISSES plaintiff's retaliation claims under the ADEA, LEDL, Title VII, and the EPA WITHOUT PREJUDICE and grants plaintiff leave to amend within twenty-one days of this order.

New Orleans, Louisiana, this 23rd day of July, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11